IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY HAMILTON,

      Petitioner,                        No. CIV S-08-1008 EFB P

  vs.

KEN CLARK, Warden,

      Respondent.                  ORDER

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636. Currently pending are petitioner's motion to stay and abey the case and respondent's motion to dismiss on the grounds that petitioner has not exhausted his state remedies. For the reasons explained below, the court finds that the petition contains both exhausted and unexhausted claims, and petitioner is directed to file an amended petition with exhausted claims only.

**I.    Procedural History**

      Petitioner pled guilty to second degree murder and was sentenced to an indeterminate term of fifteen years to life in state prison. Resp.'s Mot. to Dism., Docs Lodg. in Support

////

1

Thereof ("Lodg. Doc.") 1. He filed a petition in the California Supreme Court on June 18, 2007,[1] which was denied on December 12, 2007. Lodg. Doc. 2. He filed the instant petition on May 5, 2008.

## II.  Standards

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). A petitioner "has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by* 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident...." *Id.* (citations omitted). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

The court may stay a mixed petition, *i.e.*, one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stay and abeyance is appropriate when there was good cause for the petitioner's failure to exhaust his claims first in state court, his unexhausted claims are not plainly meritless, and there is no indication that he engaged in intentionally dilatory litigation tactics. *Id.* at 277.

---

[1] The court applies the prison mailbox rule, which holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the clerk of the court. *See Houston v. Lack*, 487 U.S. 266 (1988).

### III. Analysis

Respondent asserts that all of petitioner's claims except for one are unexhausted. Mot. at 2. Petitioner agrees that he has only one exhausted claim. Pet'r's Req. for Stay and Abeyance at 1. If petitioner cannot meet the *Rhines* standards–good cause, not plainly meritless claims, and the absence of dilatory litigation tactics–the court cannot consider petitioner's unexhausted claims.

Petitioner contends that there is good cause for his failure to exhaust because he is ignorant of the law and did not understand the exhaustion requirement. *Id.* at 2. Moreover, he lacked access to the prison's law library, as he only potentially had access for six hours a week, and had to compete with all of the other inmates for the use of only five computers during that time.[2] *Id.*

Good cause for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). But *Rhines* made it clear that district courts should only stay mixed petitions in "limited circumstances." *Id.* at 661. Ignorance of the law and limited access to a law library are common among pro se prisoners and do not constitute good cause for failure to exhaust. *See Alcaraz v. Giurbino*, No. CIV S-05-1597, 2009 WL 4799333 at *2 (E.D. Cal. Dec. 8, 2009) (ignorance of the law does not establish good cause to exhaust); *Pittman v. Hense*, No. CV 09-5044, 2009 WL 4348428 at *3 (C.D. Cal. Dec. 01, 2009) (lack of legal training, difficulty in obtaining facts while incarcerated, lack of legal resources, and/or lack of knowledge of the law insufficient to satisfy "good cause" requirement); *Mora v. McDonald*, No. CV 08-08138, 2009 WL 2190182, at *5 (C.D. Cal. June 23, 2009) (mere ignorance of the law is insufficient to establish good cause for failure to exhaust); *see also Barno v. Hernandez*, No. 08cv2439, 2009 WL 2448435, at *6-7 (S.D. Cal. Apr. 17, 2009) (limited

---

[2] Petitioner also claims that he has "newly discovered grounds" for relief, but does not specify which of the claims in his petition are newly discovered. *See* Pet'r's Req. for Stay and Abeyance at 2. It appears that petitioner means that he has merely recently discovered new legal bases for claims rather than new facts.

library access, and lack of legal knowledge and literacy do not establish good cause); *Pressly v. Haws*, No. 07CV2315, 2009 WL 790045, at *4 (S.D. Cal. Mar. 23, 2009) ("To grant Petitioner's motion for stay and abeyance because he lacks knowledge of 'legal matters or the science of law' would allow virtually any habeas petitioner to subvert the Supreme Court's holding in *Rhines* and its instruction that district courts should only stay petitions in 'limited circumstances.'"); *Smith v. Giurbino*, 2008 WL 80983, *2 (S.D. Cal. Jan.7, 2008) (holding that petitioner's allegations of lack of legal knowledge, illness, and lack of knowledge of the facts were insufficient to show good cause). As petitioner has not demonstrated good cause, the court need not consider the other *Rhines* factors.

### IV. Conclusion

Petitioner's motion to stay and abey must be denied, as he has not demonstrated good cause for his failure to exhaust his unexhausted claims. As petitioner has one exhausted claim, respondent's motion to dismiss must be denied. Instead, petitioner will be ordered to file an amended petition with his unexhausted claims deleted.

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to stay and abey is denied;

2. Respondent's motion to dismiss is denied;

3. Petitioner is directed to file an amended petition containing only his exhausted claim within 30 days of this order;

4. Respondents are directed to file and serve an answer or a motion responding to the amended petition within 60 days the filing of the amended petition.

Dated: February 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4