IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY HAMILTON,

    Petitioner,                        No. CIV S-08-1008 EFB P

    vs.

KEN CLARK, Warden,

    Respondent.                     <u>ORDER</u>

                            /

      Petitioner is a state prisoner proceeding *in propria persona* with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636. Petitioner seeks habeas relief on the grounds that his sentence of fifteen years-to-life violates his Fourteenth Amendment rights to equal protection and due process. Upon careful consideration of the record and the applicable law and for the reasons set forth below, the petitioner's application is denied.

**I.    Background**

      On July 21, 2003, an information was filed in the San Joaquin County Superior Court charging petitioner with murder and arson, with an enhancement for use of a firearm. Resp.'s

////

////

1

Docs. Lodged May 28, 2010 ("Lodg. Doc.") 12.[1]  On March 21, 2005, an amended information was filed.  Lodg. Doc. 1.  On that same date, petitioner entered a plea of nolo contendere to second degree murder and the prosecution dismissed the arson charge and firearm enhancement.  *Id.*  On November 28, 2005, petitioner was sentenced to an indeterminate prison sentence of fifteen years-to-life.  Lodg. Doc. 2.

On September 11, 2006, petitioner filed a notice of appeal.  Lodg. Doc. 3.  On September 21, 2006, the trial court denied petitioner's request for a Certificate of Probable Cause.  *Id.*  Accordingly, the appeal was deemed "inoperable" and no further action was taken by the California Court of Appeal.  *Id.*  Petitioner did not seek review in the California Supreme Court.

On July 7, 2006, petitioner filed a petition for a writ of habeas corpus in the San Joaquin County Superior Court, alleging ineffective assistance of counsel.  Lodg. Doc. 4.  That petition was denied on the grounds that petitioner had failed to demonstrate a prima facie case for relief.  Lodg. Doc. 5.

On March 19, 2007, petitioner filed another petition for a writ of habeas corpus in the San Joaquin County Superior Court.  Lodg. Doc. 6.  Therein, he raised the same challenge to his sentence that he raises in the petition before this court, along with a claim of ineffective assistance of counsel.  That petition was denied in a reasoned decision on the merits of petitioner's claims.  Lodg. Doc. 7.

On May 24, 2007, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal, in which he raised the same challenge to his sentence that he raises in the petition before this court.  Lodg. Doc. 8.  That petition was summarily denied.  Lodg. Doc. 9.  On June 25, 2007, petitioner filed a petition for writ of habeas corpus in the  California Supreme Court.  Lodg. Doc. 10.  That petition was also summarily denied.  Lodg. Doc. 11.

////

---

[1]  All references to documents lodged by respondent refer to the documents lodged on May 28, 2010.

2

This action is proceeding on the amended petition for writ of habeas corpus filed on March 1, 2010.

## II.     Analysis

### A.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. *Early v. Packer*, 537 U.S. 3, 7 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's

3

case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citations omitted) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008). *See also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 131 S. Ct. at 784-85 (2011). That presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). However, when it is clear that a state court has not reached the merits of a

petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Id.* Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

**B. Petitioner's Claim**

Petitioner claims that his indeterminate sentence of fifteen years-to-life violates his Fourteenth Amendment rights to due process and equal protection. Dckt. No. 27 (hereinafter Am. Pet.) at 16. The reasoning supporting this claim is somewhat unclear. Petitioner relies on the fact that in 1976 and 1977, California repealed the indeterminate sentencing law (ISL) and enacted the determinate sentencing law (DSL); and that in 1978, California voters passed Proposition 7, which increased the penalty for second degree murder. *Id.* He argues that, under California law, an initiative may not be used to "adopt [a] sentencing scheme from a repealed law without first submitting the subject of it's reenactment for voters approval." *Id.* at 18. Petitioner also alleges that Proposition 7 violates the California Constitution. *Id.*

Petitioner states that after the passage of Proposition 7, the parole board asked the California Attorney General for "guidance" because "the sentence of 15 or 25 years to life [was] indeterminate in nature." *Id.* at 16-17. However, according to petitioner, the statutes granting "authority" to the parole board were "repealed with the repeal of the ISL." *Id.* at 17. Petitioner states that, based on a memorandum from the California Attorney General's office, the state has

5

been improperly interpreting sentences of 25 years to life or 15 years to life as establishing a determinate sentence with a minimum parole release date, instead of an indeterminate sentence. *Id.* In support of his arguments, petitioner cites only California law. *Id.* at 22. Petitioner does not specifically explain how the cited authorities support his claim that his sentence violates the federal constitution.[2]

As set forth above, petitioner raised these claims, along with a claim of ineffective assistance of counsel, in his March 19, 2007 petition for a writ of habeas corpus filed in the San Joaquin County Superior Court. Lodg. Doc. 6. The Superior Court denied petitioner's claims with the following reasoning:

> Petitioner asserts that his sentence to 15 years to life for second degree murder is unconstitutional because it is part of the indeterminate sentencing scheme. Petitioner adds that defense counsel refused to file an appeal. Liberally construed, the petition raises an ineffective assistance of counsel claim.
>
> Significantly, Petitioner's sentence was part of a plea bargain whereby the People did not prosecute Petitioner for first degree murder but rather, accepted his plea of nolo contendere to second degree murder for which Petitioner would "get an indeterminate sentence of 15 years to life." Recorder's Transcript of Change of Plea hearing, page 2:11-23.
>
> First, Petitioner's sentence is consistent with Penal Code, section 190, which specifically calls for a sentence of 15 years to life for second degree murder.
>
> "In order to demonstrate ineffective assistance, a defendant must first show counsel's performance was deficient because the representation fell below an objective standard of reasonableness under prevailing professional norms. Second, he must show prejudice flowing from counsel's performance or lack thereof. Prejudice is shown when there is a reasonable probability that, but

---

[2] Under the ISL, which remained in effect until 1977, the Board of Prison Terms (formerly the California Adult Authority) would determine a prisoner's specific sentence, within limits set by law. A judge would sentence a criminal defendant to the minimum and maximum sentences prescribed by the criminal statutes then in effect, but the Board would administratively determine the length of time the prisoner would actually serve. *Redd v. McGrath*, 343 F.3d 1077, 1079 n.1 (9th Cir. 2003). In 1977, the DSL replaced the ISL. The DSL prescribed sentences of a set duration for each crime. However, the sentences for most murders (and some kidnappings) remained indeterminate.

6

> for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v. Williams* (1997) 16 C.4th 153, 214. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *People v. Felix* (1994) 23 C.A.4th pp. 1394-1395.
>
> After review of the record, this court cannot say that any of the actions alleged to have been done or not done by defense counsel was [sic] deficient or otherwise prejudiced Petitioner.
>
> For the reasons set forth above, the Court finds that Petitioner has failed to make a prima facie case for habeas corpus relief. *In re Bower* (1985) 38 C.3d 865, 872. The petitioner is therefore DENIED as to all issues raised.

Lodg. Doc. 7.

Petitioner has cited no federal cases in support of the claims raised in the instant petition, nor has he explained how his sentence or the state court decision rejecting his claims violate the federal constitution or a federal statute. A challenge to a state court's interpretation of state law is not cognizable in a federal habeas corpus petition. *See Waddington v. Sarausad*, 555 U.S. ___, 129 S.Ct. 823, 832 n.5 (2009) ("we have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Rivera v. Illinois*, ___ U.S. ___, 129 S.Ct. 1446, 1454 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982) and *Estelle v. McGuire*, 502 U.S. 62, 67, 72-73 (1991)); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) "a state court's interpretation of state law . . . binds a federal court sitting in federal habeas"); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie for errors of state law); *Holgerson v. Knowles*, 309 F.3d 1200, 1201-02 (9th Cir. 2002) (in determining in a habeas action whether out-of-state convictions were properly considered in sentencing petitioner under California's Three Strikes Law, the question is not whether the California Supreme Court was correct but whether California's decision to affirm the judgment of conviction was contrary to, or involved an unreasonable application of, clearly established federal law). Further, a habeas

petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation of the federal constitution. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). Rather, petitioner must show that the decision of the California Court of Appeals somehow "violated the Constitution, laws, or treaties of the United States." *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) (quoting *Estelle*, 502 U.S. at 68).

Because petitioner has not cited a United States Supreme Court decision addressing his claims, he has failed to establish that the state court decision on these claims was contrary to, or an unreasonable application of clearly established federal law. *See Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (when a Supreme Court decision does not "squarely address[ ] the issue in th[e] case" or establish a legal principle that "clearly extend[s]" to a new context, "it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision"); *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law").

As respondent points out, California's determinate sentencing scheme contains some provisions for indeterminate sentences. Petitioner was properly sentenced pursuant to Cal. Penal Code § 190, which provides that, with certain exceptions not relevant here, every person found guilty of second degree murder shall receive a punishment of fifteen years to life. The United States Supreme Court has upheld the constitutionality of indeterminate life sentences with the possibility of parole after a specified period of time. *See Lockyer v. Andrade*, 538 U.S. 63 (2003); *Ewing v. California*, 538 U.S. 11 (2003). Petitioner's sentence was not greater that than permitted by state law. *Cf. Whalen v. United States*, 445 U.S. 684, 689-90 n.4 (1980) (a sentence in excess of that provided by state law may violate federal due process rights). So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state

8

statutes are matters of state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976). There is no evidence that petitioner's sentence is cruel and unusual, racially or ethnically motivated, or enhanced by indigency. There is also no evidence that petitioner was sentenced improperly under state law or that his sentence otherwise violates the federal constitution.

### III. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is denied;

2. The Clerk is directed to close the case; and

3. The court declines to issue a certificate of appealability.

DATED: September 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE